# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

MARK W. BOOTHBY, )
)
      Plaintiff )
)
v. ) No. 2:16-cv-00599-JHR
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security,* )
)
      Defendant )

## *MEMORANDUM DECISION*[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found that the plaintiff had no severe impairments. The plaintiff seeks remand on the bases that the ALJ erred in determining that he had no severe impairments, mischaracterized the medical evidence, and failed to develop the record as required. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 9-20.[2] I conclude that remand is warranted based on the first point of error – specifically, that the ALJ erred in failing to resolve an evidentiary conflict as to whether the plaintiff had a severe impairment – and that the error was not harmless. Accordingly, I vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's two remaining points of error.

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 18.

[2] At oral argument, the plaintiff's counsel withdrew a fourth basis for remand, that the evidence required a finding of disability. *See* Statement of Errors at 1, 18.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had medically determinable impairments of diabetes mellitus, peripheral neuropathy, a history of pancreatitis, unintentional weight loss, tremors, depression, anxiety, and alcohol abuse, Finding 2, Record at 20; that he had no impairment or combination of impairments that significantly limited or was expected to significantly limit his ability to perform basic work-related activities for 12 months and, therefore, did not have a severe impairment or combination of impairments, Finding 3, *id.*; and that he, therefore, had not been disabled since April 21, 2014, the date of his SSI application, Finding 4, *id.* at 25. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight

abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Error in Failing To Recognize Evidentiary Conflict at Step 2

The ALJ described his conclusion that the plaintiff had no severe physical impairment as "supported by the record[,]" stating:

> The record reveals the [plaintiff's] symptoms have responded well to treatment, and findings on examinations have been relatively benign. He has been high functioning as evidenced by caring for himself, and, at times, his elderly father. He drives, prepares simple meals, shops, manages money, does yard work, reads the newspaper, and socializes with friends. The [plaintiff's] allegations are not entirely credible because they are not supported by the record . . . evidence to the degree alleged. The opinions that have been afforded substantial weight are consistent with the record.

Record at 24. He alluded to the following discussion of the opinion evidence:

> As for the opinion evidence, non-examining state agency physicians and psychological consultants maintained that the [plaintiff] did not have a severe physical or mental impairment. The undersigned affords their opinions significant evidentiary weight because they are supported by the overall record. The record does not contain any opinions from a treating or examining physician, psychiatrist, or psychologist indicating that the [plaintiff] is disabled or even has limitations greater than those determined in this decision.

*Id.* (citations omitted).

The problem with this analysis, as the plaintiff notes, *see* Statement of Errors at 11, is that the ALJ mischaracterized the opinion evidence, ignoring the fact that, on initial review, agency nonexamining consultant Richard T. Chamberlin, M.D., found that the plaintiff had a severe alcohol/substance addiction disorder, *see* Record at 74. Dr. Chamberlin went on to assess several postural and environmental limitations, including, as relevant here, a limitation against more than occasional stooping and crouching, which Dr. Chamberlin attributed to the plaintiff's "chronic

3

pain of past pancreatitis and effect of alcohol intake." *Id*. at 77. The ALJ acknowledged neither the finding of a severe impairment nor the assessment of limitations. *See id*. at 24.[3]

The commissioner rejoins that the ALJ's Step 2 finding that the plaintiff had no severe impairment is "supported by substantial evidence because [he] carefully considered the medical findings related to Plaintiff's medically determinable impairments, including the medical opinion evidence, and made an informed judgment about the limitations and restrictions that Plaintiff's medically determinable impairments and symptoms imposed on his ability to do basic work activities." Opposition at 6 (citing, *inter alia*, Record at 20-25). She asserts that, in view of Dr. Hall's findings on reconsideration that the plaintiff had neither a severe impairment nor any postural or other limitations, the disparate opinions "simply present[ed] a conflict in the evidence, which the ALJ was charged with resolving." *Id*. at 11 (quoting *Rodriguez*, 647 F.2d at 222, for proposition that the "resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the ALJ]").[4]

Yet, that is precisely the point. The ALJ can hardly be said to have resolved the conflict between Dr. Chamberlin and Dr. Hall's findings when he failed to recognize that such a conflict existed, mistakenly describing both consultants as having found no severe physical impairment. *See* Record at 24.

---

[3] In his statement of errors, the plaintiff mistakenly indicated that both agency nonexamining consultants who reviewed his case (Dr. Chamberlin on initial review and J.H. Hall, M.D., on reconsideration) found that he was limited to occasional stooping and crouching. *See* Statement of Errors at 11. As the commissioner points out in her responsive brief, and the plaintiff's counsel acknowledged at oral argument, Dr. Hall assessed no such limitations, instead finding no severe physical impairment. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 16) at 11; Record at 89-90.

[4] The commissioner further notes that the plaintiff requested reconsideration of the initial determination, rendering that determination nonbinding. *See* Opposition at 11; 20 C.F.R. § 416.1405 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."). To the extent that the commissioner means to argue that Dr. Hall's opinion superseded that of Dr. Chamberlin, that is not the case. "The issues before the [ALJ] include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in [the claimant's] favor." 20 C.F.R. § 416.1446(a).

4

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted). Here, the ALJ has erred by failing to analyze, or even acknowledge, opinion evidence that he purported to give substantial weight, leaving me unable to conclude that he reached a supportable result *via* an acceptable analytical pathway.

### B. Error Not Harmless

In this district, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim." *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010). The plaintiff demonstrates that the ALJ's error in ignoring the substance of the Chamberlin opinion was not harmless because it called into question his capacity to return to past relevant work.

"[B]enefits may not be denied at the Step 2 stage of the sequential evaluation process if a disability, whatever its level of severity, leaves a claimant unable to perform his or her past relevant work." *Andrades v. Sec'y of Health & Human Servs.*, 790 F.2d 168, 171 (1st Cir. 1986). "In such event, further evaluation, designed to show whether the claimant can perform other work, is required." *Id*.

The plaintiff asserts, and the commissioner does not disagree, that a limitation to only occasional stooping and crouching would prevent the performance of medium work. *See* Statement of Errors at 11; Opposition at 13-14; *see also, e.g.*, Social Security Ruling 83-10 ("SSR 83-10"), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 30 (noting that the "considerable lifting required for the full range of medium work usually requires frequent bending-stooping"); Social Security Program Operations Manual System ("POMS") § DI 25001.001(A)(46) ("Medium work usually . . . [r]equires frequent stooping and crouching.").[5] An activity is frequent if it "occurs one-third to two-thirds of an 8-hour workday" and occasional if it "occurs at least once up to one-third of an 8-hour workday." *Id*. §§ DI 25001.001(A)(33), (53).

However, the commissioner does disagree with the plaintiff's contention that all of his past relevant work was medium, noting that, even after accepting Dr. Chamberlin's opinion on initial review, "the State agency still concluded that Plaintiff could return to his past relevant work as a newspaper carrier." Opposition at 13 (citing Record at 78-80). A vocational expert testified at the plaintiff's hearing that newspaper delivery is light work. *See* Record at 48. Nonetheless, the plaintiff argues that the job did not constitute "past relevant work" because he did not perform it at a "substantial gainful activity" level. Statement of Errors at 18 n.11.[6]

Past relevant work "is work that [the plaintiff] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the plaintiff] to learn to do it." 20

---

[5] The parties cite POMS § DI 25001.001(B). *See* Statement of Errors at 11; Opposition at 13. However, that POMS section was renumbered effective August 31, 2017. I have cited to the version now in effect; there do not appear to have been any substantive changes to the provisions cited by the parties.

[6] The vocational expert described the remainder of the plaintiff's past work as medium work except for "credit card returns[,]" which he testified was sedentary work. Record at 47-48. The plaintiff represents, and the commissioner does not dispute, that the record is devoid of evidence that he performed "credit card returns" work. Statement of Errors at 18 n.11; Opposition at 13-14. There is evidence of record that the plaintiff did, in fact, work as a "credit return clerk[,]" albeit from 1980 to 1988, too long ago to qualify as past relevant work. *See* Record at 217; 20 C.F.R. § 404.1560.

C.F.R. § 404.1560. Substantial gainful activity, or "SGA," is "[t]he performance of significant physical or mental activities in work for pay or profit or in work of a type usually performed for pay or profit." POMS § DI 25001.001(A)(82). The commissioner publishes tables setting forth presumptive SGA earnings. *See id*.

In his statement of errors, the plaintiff argued that his newspaper delivery job was not SGA because, between 2009 and 2013, his maximum annual income was $6,431, which worked out to $536 monthly, well below the SGA threshold. *See* Statement of Errors at 18 n.11; POMS § DI 25001.001(A)(82) (SGA level for nonblind employees in 2013 was $12,480 annually and $1,040 monthly). The commissioner rejoined that the plaintiff had overlooked that his income in 2013 from Wayside Publishing was earned entirely in the third and fourth quarters, as a result of which his earnings averaged $1,071.83 monthly, exceeding SGA levels of $6,240 for six months and $1,040 monthly in 2013. *See* Opposition at 13; POMS § DI 25001.001(A)(82).

However, at oral argument, the plaintiff's counsel explained that he had erred in adding the 2013 Wayside Publishing earnings in calculating his client's earnings as a newspaper carrier, representing that the Wayside Publishing earnings stemmed from separate work at a printing press. The record supports this clarification, indicating that the plaintiff worked from August to November 2013 as a shipper in the publishing industry. *See* Record at 253. The vocational expert testified that the shipping job was medium work. *See id*. at 47. Counsel for the commissioner did not dispute that, without the Wayside Publishing income, the plaintiff's work as a newspaper carrier was not SGA.

I agree with the plaintiff that to accept Dr. Chamberlin's opinion undermines the commissioner's contention that he could return to his past relevant work, which in turn demonstrates how the ALJ's error might have shaped the outcome of the case. To quote from the

7

ALJ's recitation of the law, "If the claimant is unable to do any past relevant work . . ., the analysis proceeds to the fifth and last step[,]" at which the commissioner bears the burden of "providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience." Record at 20 (citing 20 C.F.R. §§ 416.912(g), 416.960(c)).

Because the ALJ failed in his duty to resolve a material conflict in the evidence, and the court is ill-equipped to resolve such conflicts in the first instance, remand is required. *See, e.g., Soto v. Sec'y of Health & Human Servs.,* 795 F.2d 219, 222 (1st Cir.1986) ("We are ill-equipped to sort out a record that admits of conflicting interpretations. Accordingly, we believe the case must be remanded . . . . The [commissioner] may take additional evidence on remand, and is not obliged to accept the results of claimant's IQ tests if there is a substantial basis for believing that claimant was feigning the results. If the [commissioner] does reject the test results on this basis, however, [she] should state [her] reasons for doing so.") (footnote omitted); *Rodriguez,* 647 F.2d at 222 ("The [commissioner] may (and, under [her] regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts.").

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 2nd day of March, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge